**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Jessica Jacobson, a Minor, et al.,** | ) | Case NO. 5:05 CV 710 |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Summit County Children Services** | ) | Memorandum of Opinion and Order |
| **Board, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon respondents' Motion for Summary Judgment (Doc. 7)**.** For the following reasons, the motion is GRANTED.

**Facts**

Petitioners, Jessica Jacobson, a minor, and Joann Jacobson, mother of Jessica Jacobson, filed this Petition for Writ of Habeas Corpus against respondents, Summit County Children Services Board (CSB) and Summit County Juvenile Court.

Joann Jacobson (hereafter petitioner) is the biological mother of Jessica Jacobson, a

1

minor (hereafter, the minor).  Following a permanent custody trial in the Summit County Juvenile Court in June 2002, petitioner's parental rights over the minor were terminated.  The minor was placed in the permanent custody of CSB.  Petitioner appealed the decision to the Ninth Judicial District Court of Appeals which affirmed the Juvenile Court's decision on December 31, 2002.  (Doc. 7 Ex. A).  Petitioner subsequently filed a motion for relief from judgment in the Summit County Court of Common Pleas pursuant to Rule 60(b).  Petitioner appealed the denial of this motion and the Ninth Judicial District Court of Appeals affirmed the decision on August 4, 2004.  (*Id.* Ex. B).  The Ohio Supreme Court declined to accept either appeal for review.  *See In Re J.J.,* 103 OhioSt.3d 1496 (2004).

On September 11, 2002, petitioner filed a complaint with the Ohio Department of Job and Family Services, Bureau of Civil Rights alleging that CSB discriminated against her by removing her child because of petitioner's disability and economic status.  A Final Report was issued on January 16, 2003 finding that no probable cause existed that discrimination occurred in the removal of petitioner's child based on her disability and economic status.  A no probable cause letter was issued on January 22, 2003. (*Id.* Ex. C).

On April 15, 2005, petitioner filed a Complaint for Money Damages and Other Relief in the Summit County Court of Common Pleas against respondents arising out of the placement of the minor in the permanent custody of CSB. This action was a refiling of a previously voluntarily dismissed action filed on November 22, 2004. (*Id.* Ex. D).

On March 10, 2005, petitioner filed the Petition for Writ of Habeas Corpus now pending before this Court.  Petitioner asserts that the minor is being unlawfully detained because petitioner was not given a fair hearing in the Summit County Juvenile Court during

the June 2002 permanent custody trial.

This matter is now before the Court upon respondents' Motion for Summary Judgment**.**

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Respondents argue that summary judgment is appropriate because habeas corpus is not available as a remedy here. Petitioner asserts that this Court must inquire into the merits of her Petition because she has alleged that she was not given a fair hearing in the Juvenile Court permanent custody trial. For the following reasons, this Court agrees with respondents that the remedy sought here by petitioner is unavailable.

First, federal habeas corpus jurisdiction is not available. In *Harless v. Department of Child Protective Services, Tarrent County Texas,* 1999 WL 33756653 (W.D. Ky. 1999), a

4

Petition for Writ of Habeas Corpus seeking an order that petitioners' children be removed from foster care and brought immediately before the court was rejected for lack of jurisdiction:

> This Court notes that the plaintiffs' attempt to invoke federal habeas corpus jurisdiction is misplaced. The Supreme Court, in *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 516 (1982), determined that federal habeas corpus jurisdiction under 28 U.S.C. § 2254 does not confer jurisdiction on federal courts to review state court judgments involuntarily terminating parental rights. *See also Anderson v. Colorado*, 793 F.2d 262 (10th Cir.1986). In reaching its conclusion, the Supreme Court observed that 'the custody of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas.'

*Id.* at *2.

Second, the Ohio Supreme Court has recognized that "habeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law." *Ross v. Saros*, 99 Ohio St.3d 412, 414 (2003) (citations omitted).  Furthermore, "This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." *Id.* (citing *Rammage v. Saros*, 97 Ohio St.3d 430 (2002).

In *Ross*, after a juvenile court granted permanent custody of a minor child to the Franklin County Children's Services (FCCS) , the child's mother appealed to the court of appeals which affirmed the decision.  A motion for reconsideration was subsequently denied and discretionary appeals were not allowed by the Ohio Supreme Court.  The mother then filed a petition for writ of habeas corpus in the court of appeals to compel FCCS to release the child to her custody.  The court of appeals denied the writ and the Ohio Supreme Court affirmed concluding that the mother had an adequate remedy at law by way of appeal and, therefore, the writ was not available.

Similarly, in *Rammage, supra,* a mother filed a petition for writ of habeas corpus to compel the county children services executive director to release her dependent child from its temporary custody. In affirming denial of the writ, the Ohio Supreme Court stated that the mother "has or had adequate legal remedies in the ordinary course of law to raise her claims. This principle applies equally to child custody actions, where habeas corpus relief is the exception rather than the general rule." (citing *Holloway v. Clermont Cty. Dept. of Human Serv.*, 80 Ohio St.3d 128, 130 (1997).

Likewise, in the case herein, petitioner had an adequate remedy at law by way of appeal and indeed has exercised that remedy by filing a direct appeal as well as an appeal from a 60(b) motion. Petitioner also sought appeal to the Ohio Supreme Court. Petitioner additionally sought relief through a civil rights action and has now requested money damages and other relief in a civil complaint.

Petitioner appears to argue that she was deprived of Due Process and, consequently, did not have an adequate remedy at law when records were not made available to her for purposes of appeal. However, the Summit County Juvenile Court Order upon which petitioner relies shows that petitioner sought a copy of the custody trial transcript through her attorney for purposes of pursuing her appeal. Judge Judith Hunter denied the motion because the attorney, appointed by the court to pursue the appeal, had requested and received a copy of the transcript. Judge Hunter noted that the attorney "may make the transcript available to [the petitioner] for review in Counsel's office." (Doc. 10 Ex. A). Therefore, petitioner has not demonstrated an inadequate remedy at law on this basis.

Petitioner further contends that the Juvenile Court proceedings were prosecuted in bad

faith and involved misleading testimony.  However, these assertions are properly the subject of petitioner's appeals in the state court.  In fact, petitioner did present some of the arguments.  For example, petitioner states that Judge Hunter refused to allow a defense expert to testify that the signature on a case plan was a forgery.  However, this allegation was specifically addressed on appeal of the Rule 60(b) motion.  Likewise, petitioner's assertion regarding testimony of her conservator was addressed both on direct appeal and the appeal of the Rule 60(b) motion.  For these reasons, the writ of habeas corpus is not available because petitioner has had an adequate remedy at law.

The *Ross* court noted a "limited exception" which permits habeas corpus petitions to raise jurisdictional claims.  *Id.* at 414 (citing *State ex rel. Fryerson v. Tate,* 84 Ohio St.3d 481, 485 (1999).  However, the court determined that the exception did not apply given that "[i]n the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy by appeal.  This rule applies to habeas corpus cases. " *Id.* (citations omitted).  The court recognized that the juvenile court in that case "did not patently and unambiguously lack jurisdiction to grant the FCCS motion for permanent custody." *Id.* Likewise, there is no allegation herein that the Summit County Juvenile Court lacked jurisdiction over the custody proceedings and petitioner admits as much in her brief.

Because petitioner had an adequate remedy at law and her allegations are not jurisdictional, the writ of habeas corpus is not available.

**Conclusion**

For the foregoing reasons, respondents' Motion for Summary Judgment is granted.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/12/05